

PO Box 16721, Irvine, CA 92623-6721
949.229.0908
www.philolaw.com

EXHIBIT G, Page 1

Tuesday, November 26, 2024

<u>VIA E-MAIL (mary@deitchlaw.com)</u>
<u>AND US MAIL</u>

Mary Lopez Dale
Deitch Law
800 Rio Grande
Austin, TX  78701

      **Re:**    <u>**Matthew Clay adv. Thin Blue Line**</u>
           Client:    Matthew Clay
      **Subject:**    **Cease and Desist**

Dear Ms. Lopez Dale:

This office represents Matthew Clay.  Please forward all future correspondence to this office.  It is our understanding that you represent Thin Blue Line Benefits Association Holdings, LLC ("TBL").  If that is not the case, please advise the undersigned.

**History**

As you may be aware, TBL and Mr. Clay entered into a Redemption and Withdrawal Agreement ("Agreement") on or about June 21, 2024, wherein in exchange for Mr. Clay's ownership interest in TBL, TBL would pay him with the Company's Signature Plan (as defined in the Agreement).  A key provision of the Agreement is that Mr. Clay would have sole and exclusive ownership over the Plan, including the marketing and selling of the Plan, and any liability associated with the operations of the Plan.

In addition to the Agreement, TBL and Mr. Clay entered into an Independent Contractor Agreement effective as of August 1, 2024.  Mr. Clay agreed to provide services to TBL.  As part of the Independent Contractor Agreement, Mr. Clay is to be paid $14,000/month for the term of the Independent Contractor Agreement, for a minimum of 12 months.

**Cease and Desist Response**

On November 15, 2024, TBL sent a cease and desist letter alleging purported contractual breaches and termination of the independent contractor agreement.  This letter is based purely on conjecture alleging what TBL believes, and what TBL was later informed was not to be true by a third party unrelated to this matter.

In particular, Mr. Clay did not market competitive products, make any false statements regarding TBL's existing insurance plans, nor may false statements to third parties regarding the status of TBL's business relationships.  In fact, it was a third party, namely Tony Locke, an independent life



and health insurance agent who used ChatGPT to compile a list of organizations in his own marketing efforts. Mr. Clay had no knowledge of Mr. Locke until this accusation arose.

In addition, an inquiry with NFOP Executive Board knows of no communication between Mr. Clay and the allegations set forth by TBL. Further, the NFOP doesn't know the name of Mr. Clay's current company or operations.

**TBL's Unlawful Actions**

It appears that TBL's cease and desist letter is in fact an attempt to cover up its own illicit wrongdoings. For instance, it appears that the MEC portion of the Signature Plan that was added by Robert Anderson, the portion that uses the Cigna Network, is unlawful as it is not appropriately registered in each state as an Association Health Plan.

In addition, TBL fraudulently induced Mr. Clay to enter the Agreement, knowing the MEC portion of the Signature Plan was not in compliance with the law. TBL refused Mr. Clay's repeated requests to provide him the plan documents for the MEC. TBL also induced Mr. Clay to enter the Agreement, promising to pay the past due claims due to Cigna/Kentucky Health and Benefits ("Kentucky Health"), knowing that the failure to do so put the Signature Plan in peril of losing the TPA and the Cigna Network – a key element Mr. Clay relied on in entering the Agreement. Further, since the signing of the Agreement, Robert Anderson has stated to Mr. Clay that the Agreement was "null and void" and that the language describing Mr. Clay's management of the Signature Plan was false. Further, in September 2024, Robert Anderson stated he created and "owned" the Signature Plan, that he owns the policyholders, and pressured Mr. Clay to port the policyholders over to Robert Anderson and to not use Align Health Partners.

To further hide its action, even though the complete management of the Signature Plan was transferred to Mr. Clay, TBL informed Kentucky Health to not communicate with Mr. Clay. Mr. Clay has been informed that Kentucky Health only has a contract with TBL and despite Mr. Clay attempting to resolve this with TBL directly pursuant to the terms of the Agreement, TBL has remained in exclusive control of the Signature Plan.

The Agreement also provides that TBL is to pay all claims for 2024 under the Signature Plan. On November 1, 2024, Anna Reed informed Mr. Clay that all claims were paid; however, on November 22, 2024, Mr. Clay learned that TPA has reported that TBL only paid $25,000 on 2024 claims, and the balance is now well in excess of $150,000.

On the November 1, 2024 call, Anna Reed also reminded Mr. Clay that the TBL care navigator no longer assisted customers on the Signature Plan. Despite this representation, TBL care navigators continue to log into the customer portal, in some cases nearly every day, to access HIPPA protected patient and policyholder information.

**Demand**

In an effort to continue to hide their illegal operations, TBL has recently attempted to solicit the remaining 183 policyholders of the Signature Plan via a mass email. TBL has sent emails to the Signature Plan policyholders causing confusion, including emails to non-policyholders, people



who had previously terminated their plans, or persons who never fully enrolled. Mr. Clay demands all communications with the remaining Signature Plan members cease immediately.

In addition, Mr. Clay demands that the terms of the Agreement for the effective transfer of the Signature Plan be complied with. TBL is continuing to interfere with the product they transferred to Mr. Clay by contacting third party providers such as Align Health and Zion Health, and notifying them of TBL's intent to replace them with another cost share – essentially malicious and intentionally disrupting the Signature Plan, and attempting to insert TBL's own cost-share replacement into the Signature Plan sold to Mr. Clay. Provide written confirmation of the transfer of the relevant plan and/or policyholders to Mr. Clay within ten days of the date of this letter.

For termination of the Independent Contractor Agreement, the remaining payment of $14,000/month is advanced and due immediately. Payment in the amount of $140,000 is due and payable within ten days of this letter.

This letter is made with a reservation of all rights afforded to Mr. Clay under the law.

Sincerely,
Philo Law Firm, P.C.

Michelle A. Philo

cc:   Matthew Clay

PHILO LAW FIRM PC