IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THIN BLUE LINE BENEFITS ASSOCIATION HOLDINGS, LLC, ANNA REED AND ROBERT ANDERSON, | § § § § § | |
| Plaintiffs and Counterclaim Defendants, | § § § | Civil Action No.: 1-cv-24-1510-DII |
| v. | § § § | |
| MATTHEW CLAY, | § § § | |
| Defendant and Counterclaimant. | § | |

### DEFENDANT MATTHEW CLAY'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Matthew Clay ("Clay") files the following Answer, Affirmative Defenses and Counterclaims (the "Answer") to Plaintiffs Thin Blue Line Benefits Association Holdings, LLC ("TBL"), Anna Reed ("Reed"), and Robert Anderson's ("Anderson") (collectively, "Plaintiffs") Original Complaint, Request for Declaratory Judgment and Request for Permanent Injunction (the "Complaint"), as follows:

I.
ANSWER

Each of the paragraphs below corresponds to the same numbered paragraphs in the Complaint. Clay denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. Clay answers the allegations in the separately numbered paragraphs of the Complaint as follows:

**Nature of the Action**

1. Clay denies the allegations contained in Paragraph 1 of the Complaint.

2. Clay admits the allegations contained in Paragraph 2 of the Complaint.

**Parties**

3. Clay denies the allegations contained in Paragraph 3 of the Complaint.

4. Clay admits the allegations contained in Paragraph 4 of the Complaint.

5. Clay admits the allegations contained in Paragraph 5 of the Complaint.

6. Clay admits that Anderson is a member of TBL. Clay is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the Complaint.

7. Clay admits the allegations contained in Paragraph 7 of the Complaint.

**Jurisdiction and Venue**

8. Clay denies the allegations contained in Paragraph 8 of the Complaint.

9. Clay denies the allegations contained in Paragraph 9 of the Complaint.

10. Clay denies the allegations contained in Paragraph 10 of the Complaint.

**Facts and Allegations Common to all Claims for Relief**

11. Clay is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 of the Complaint, and therefore denies same.

12. Clay admits that he was introduced to Reed in 2017. Clay denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Clay is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 13 of the Complaint, and therefore denies same.

14. Clay denies the allegations contained in Paragraph 14 of the Complaint.

15. Clay admits that his name is listed in TBL's Written Consent in Lieu of Organizational Meeting. Clay denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Clay is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Complaint, and therefore denies same.

17. Clay is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Complaint, and therefore denies same.

18. Paragraph 18 of the Complaint calls for a legal conclusion. As such, a response is not required. To the extent a response is required, Clay is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, and therefore denies same.

19. Clay admits that as of January 2024, the members of TBL were Reed, Anderson and Clay. Clay denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Clay admits that the parties entered into the Redemption Agreement and the terms stated therein. Clay denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Clay admits that the parties entered into the Redemption Agreement and the terms stated therein. Clay denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Clay denies the allegations contained in Paragraph 22 of the Complaint.

23. Clay denies the allegations contained in Paragraph 23 of the Complaint.

24. Clay denies the allegations contained in Paragraph 24 of the Complaint.

25. Clay denies the allegations contained in Paragraph 25 of the Complaint.

26. Clay denies the allegations contained in Paragraph 26 of the Complaint.

27. Clay denies the allegations contained in Paragraph 27 of the Complaint.

28. Clay denies the allegations contained in Paragraph 28 of the Complaint.

29. Clay admits that TBL and Clay entered into the ICA which provided that TBL shall pay Clay $14,000 a month for a period of 12 months or from August 1, 2024 to July 31, 2025. Clay denies any remaining allegations contained in Paragraph 29 of the Complaint.

30. Clay admits that TBL and Clay entered into the ICA and to the specific terms contained in the ICA. Clay denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Clay denies the allegations contained in Paragraph 31 of the Complaint.

32. Clay admits that he, through California counsel, sent a cease and desist letter to TBL dated November 26, 2024, and that Plaintiffs sent a response letter dated December 7, 2024. Clay denies the remaining allegations contained in paragraph 32 of the Complaint.

**Claims for Relief**

33. Clay incorporates the responses set forth in the foregoing paragraphs 1 through 32 of the Answer, as if set forth in full herein.

Count One – Breach of Contract

34. Clay denies the allegations contained in Paragraph 34 of the Complaint.

35. Clay denies the allegations contained in Paragraph 35 of the Complaint.

36. Clay denies the allegations contained in Paragraph 36 of the Complaint.

Count Two – Business Disparagement

37. Clay denies the allegations contained in Paragraph 37 of the Complaint.

Count Three – Negligent Misrepresentation

38. Clay denies the allegations contained in Paragraph 38 of the Complaint.

Count Four – Tortious Interference with Existing Contracts

39. Clay denies the allegations contained in Paragraph 39 of the Complaint.

Count Five – Declaratory Judgment

40. Clay denies the allegations contained in Paragraph 40 of the Complaint.

Injunctive Relief

41. Clay denies the allegations contained in Paragraph 41 of the Complaint.

Conditions Precedent

42. Clay denies the allegations contained in Paragraph 42 of the Complaint.

Attorney's Fees

43. Clay denies the allegations contained in Paragraph 43 of the Complaint.

Prayer for Relief

Paragraphs (a) through (g) of Plaintiffs' Complaint are prayers for relief, which do not require an admission or denial. However, to the extent an admission or denial is required, Clay denies that Plaintiffs are entitled to recover and/or receive any of the relief sought in paragraphs (a) through (g) against Clay. To the extent paragraphs (a) through (f) contain any factual allegations, Clay denies them.

II.
<u>CLAY'S AFFIRMATIVE DEFENSES</u>

Subject to the responses above, Clay alleges and asserts the following defenses in response to Plaintiffs' allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Clay specifically reserves all rights to allege additional affirmative defenses, at law or in equity, that may exist now or may become known through the course of discovery and further investigation in this action.

## FIRST AFFIRMATIVE DEFENSE

## (Failure to State a Cause of Action)

1. Plaintiffs' purported causes of action is barred, in whole or part, because the complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

## (Estoppel)

2. The Complaint and the causes of action alleged therein are barred by the equitable doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

## (Waiver)

3. The Complaint and the causes of action alleged therein are barred by the equitable doctrine of waiver.

## FOURTH AFFIRMATIVE DEFENSE

## (Express or Implied Consent)

4. Plaintiffs consented, or is deemed to have consented, to the acts or omissions of Clay that allegedly gave rise to Plaintiffs' causes of action and requests for relief.

## FIFTH AFFIRMATIVE DEFENSE

## (Unclean Hands)

5. The Complaint and the causes of action alleged therein are barred in whole or in part by Plaintiffs' unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

## (Failure to Mitigate)

6. Plaintiffs failed to act reasonably and expeditiously to mitigate their harm, which harm is hereby denied.

## SEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff)

7. Plaintiffs' purported harm, which harm is hereby denied, was proximately caused, and contributed to, by Plaintiffs' own negligence and/or intentional acts or omissions.

## EIGHTHH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

8. Plaintiffs would be unjustly enriched if judgment is entered in their favor.

## NINTH AFFIRMATIVE DEFENSE

### (Offset)

9. Any alleged harm Plaintiffs claim they suffered is offset by the amount of benefits they received from Clay and/ or through his services.

## TENTH AFFIRMATIVE DEFENSE

### (Consent)

10. Plaintiffs consented to the actions of which they now complain.

## RESERVATION OF RIGHT TO AMEND

11. Clay reserves the right to rely upon any additional defenses that become available or apparent during the course of this case, and reserves the right to amend this Answer and to assert such additional defenses or, if appropriate, delete additional defenses as the case proceeds.

### III.
### COUNTERCLAIMS

Defendant and Counter-claimant Matthew Clay files this counterclaim against Plaintiffs and Counterclaim-Defendants Thin Blue Line Benefits Association Holdings, LLC, Anna Reed and Robert Anderson, and in support thereof would respectfully show as follows:

### A.  PARTIES

1. Clay was a law enforcement officer for 27 years. Clay is licensed by the State of California and numerous other states to sell health and life insurance, and has sold health and life insurance policies for AFLAC and other carriers.

2. Clay is a former member of TBL and owned approximately 37% of the company. Prior to Clay's withdrawal as a member of TBL, both Anderson and Reed told Clay that they valued TBL at more than $30,000,000.

3. Plaintiff and Counterclaim-Defendant TBL is a Texas limited liability company and has appeared in this matter.

4. Plaintiff and Counterclaim-Defendant Reed is a current member of TBL and has appeared in this matter.

5. Plaintiff and Counterclaim-Defendant Anderson is a current member of TBL and has appeared in this matter.

### B.  FACTUAL BACKGROUND

(a)  <u>Plaintiffs' Representations to Clay</u>

6. TBL advertises itself as a member-only association which provides retired and former police officers and fire fighters with comprehensive, high quality healthcare benefits including health insurance.

7. Reed and Anderson have repeatedly told Clay that TBL is an association and that it provides health insurance benefits to its members. Specifically, Reed and Anderson told Clay that TBL owns and administers a "Signature Plan" and its own PPO insurance products. Reed and Anderson further stated that the minimum essential coverage for the ACA portion of the Signature Plan was administered under the structure of an Association Health Plan ("AHP"). Reed and

Anderson stated that TBL is authorized by the State of Texas to offer these health insurance products to retired and former police officers and fire fighters.

8. Both Reed and Anderson represented to Clay that Anderson has years of experience in designing, offering and administering health insurance plans, and that Anderson was an expert in this area. Reed confirmed that the plans complied with the various federal and state insurance requirements. Both Reed and Anderson told Clay that the insurance plans TBL offered provided comprehensive health insurance coverage.

9. TBL created three separate PPO health insurance plans and represented to Clay that those plans provided comprehensive health insurance coverage. Clay relied on these representations and purchased an alleged Prime PPO health insurance plan for himself and his family and paid significant monthly premiums to TBL. Clay also marketed both the Signature Plan and the AHPs Plaintiffs created to retired and former police officers and fire fighters.

10. In late 2024, Clay attempted to see his physician and was told that he did not have health insurance coverage. Clay's family also tried to use the insurance and was told by the providers that health insurance coverage was not available and in fact that the coverage to the extent it existed, had terminated. This resulted in Clay and his family not receiving needed medical care and incurring out of pocket medical costs they should not have incurred, even as they were paying exorbitant premiums. Clay, his family members and his medical providers have also submitted claims to the TBL that were not paid.

11. Reed and Anderson also touted TBL's contractual relationship with Cigna and their plans including the Signature Plans access to the Cigna Network which they assured Clay would remain in place. Reed also told Clay in no uncertain terms that the Signature plan would have access to the Cigna Network through December 31, 2024. Those representations were false since

the plans no longer have access to the Cigna Network and the Signature Plan participants did not have access to the network through December 31, 2024.

12. At no time did Plaintiffs tell Clay of any material changes to his Prime PPO health insurance plan that may result in non-payment of his claims. Rather, Plaintiffs prevented Clay from obtaining information about the insurance plans including blocking access to plan information.

(b) <u>The Redemption and Withdrawal Agreement</u>

13. In 2024, Clay began having health issues and also became concerned about the manner in which Plaintiffs were administering the various health insurance plans they designed and sold to the public, and requested to withdraw as a member of TBL.

14. As a result of the request, on or about June 21, 2024, Plaintiffs and Clay entered in to a Redemption and Withdrawal Agreement, a copy of which is attached to the Complaint at Exhibit D (the "Redemption Agreement").

15. The Redemption Agreement provided that Clay would withdraw as a member of TBL and would relinquish his membership interests in TBL, including any right to a return of his capital "and any yield or return thereon, rights to distributions or allocations of income, profits, credits, losses or deductions, and claims for payment of any fees, [and] debts." Redemption Agreement, ¶1.

16. In consideration for Clay relinquishing his membership interests in TBL and other rights and benefits he was entitled to as a member of TBL, Plaintiffs transferred and provided Clay with TBL's Signature Plan.

17. The Redemption Agreement describes the Signature Plan as a custom designed and implemented healthcare plan package identified as group number 21502.

18. Plaintiffs specifically agreed that Clay shall have all ownership over the marketing and selling of the Signature Plan. *Id.* at ¶2(a).

19. Prior to execution of the Redemption Agreement, Plaintiffs represented to Clay and the public that TBL's Signature Plan included the minimum essential coverage for ACA compliant preventative care and office visits, coverage for major medical costs and prescription coverage.

20. Plaintiffs agreed to deliver to Clay "the Signature Plan, including but not limited to all Signature Plan documents, related agreements, vendor contracts, and Signature member census and data." *Id.* at ¶6(b)(ii).

21. After Plaintiffs executed the Redemption Agreement, Clay requested the Signature Plan documents, related agreements, vendor contracts, and Signature member census and data from TBL. In violation of the specific terms of the Redemption Agreement, TBL has not produced these documents to Clay. Instead, Plaintiffs have recruited plan members and otherwise prevented plan members from being transferred to Clay and First Responder Benefits Services, LLC, an entity he owns and operates.

22. Plaintiffs have improperly obtained plan members' personal information, sent those members marketing and other solicitation materials and made false statements to the Signature Plan members regarding its availability.

23. The Redemption Agreement mandates that TBL pays "all claims submitted under the Signature Plan with a date of service prior to January 1, 2025." *Id.* at ¶3(b)(vii). The Redemption Agreement also mandates that TBL pays 100% of these claims, in full, no later than December 31, 2024. *Id.*

24. TBL has breached the terms of the Redemption Agreement by failing to pay the claims that existed prior to January 1, 2025, before the contractual agreed to deadline to do so.

    (c)    <u>The Independent Contractor Agreement</u>

25. On around July 2, 2024, TBL hired Clay as an independent contractor and the parties entered into an Independent Contractor Agreement, a copy of which is attached to the Complaint at Exhibit D-A (the "ICA").

26. The ICA provides that Clay is expected to attend major or important conferences of the Fraternal Order of Police and the State's International Association of Fire Fighters as a contractor, but solely at his discretion or if he is available. In return for these and other work, TBL agreed to pay Clay $14,000,00 a month for a period of 12 months. ICA at Exhibit 1.

27. Despite the fact Clay did the work and complied with the terms of the ICA, TBL has refused to pay Clay the monies he is owed pursuant to the ICA.

28. TBL also claims that it has terminated the ICA. *See* Complaint at ¶31. This is utter nonsense since the ICA specifically prohibit TBL from terminating the agreement without first paying the full amount due under the agreement, which TBL has not done. See ICA at ¶9.

    (d)    <u>Plaintiffs' Campaign of Falsehoods</u>

29. Clay recently learned that the plans TBL offers are not true or registered AHPs and that the various insurance policies that Plaintiffs offer, including the PPO policy they sold to him, is not a major medical policy and do not provide comprehensive health care coverage.

30. Plaintiffs also began a campaign to malign and disparage Clay by publishing false and disparaging statements about him. In the fall of 2024, Plaintiffs sent letters to their policy holders alleging that a former senior executive at TBL, which is obviously Clay, acted nefariously which prevented Plaintiffs from paying claims.

31. Plaintiffs have also stated to the public that their failure to pay claims is because of the actions of Clay, including that he interfered with their claims payment process. These statements are false and have defamed and tarnished the reputation of Clay. Under the

circumstances, Plaintiffs' false statements are incendiary and have caused Clay to fear for his safety.

### C.   CAUSES OF ACTION

32. Clay asserts the following causes of action against Plaintiffs:

### COUNTERCLAIM 1
### Breach of the Independent Contractor Agreement - TBL

33. Clay hereby incorporates the preceding paragraphs by reference as if fully restated herein.

34. The ICA is a valid and enforceable contract between Clay and TBL.

35. Clay has fully performed the contractual obligations imposed on him by the ICA.

36. Notwithstanding Clay's performance, TBL has breached the ICA by refusing to pay the monies due Clay pursuant to the specific terms of the ICA.

37. Clay has suffered and continues to suffer damages as a result of TBL's breach of the ICA, and seeks to recover all such damages.

### COUNTERCLAIM 2
### Breach of the Redemption and Withdrawal Agreement – Anderson, Reed and TBL

38. Clay hereby incorporates the preceding paragraphs by reference as if fully restated herein.

39. The Redemption Agreement is a valid and enforceable contract that was executed by Plaintiffs and Clay.

40. Clay has fully performed the contractual obligations imposed on him by the Redemption Agreement including relinquishing his membership interests in TBL.

41. Plaintiffs have breached the Redemption Agreement by failing to transfer and provide Clay with TBL's Signature Plan and all plan documents.

42. Plaintiffs have also breached the Redemption Agreement by failing to pay the claims submitted under the Signature Plan with a date of service prior to January 1, 2025, in full, no later than December 31, 2024.

43. On information and belief, Plaintiffs sold Clay the Signature Plan, when they did not own the plan. This is a breach of the Redemption Agreement.

44. Clay has suffered and continues to suffer damages as a result of TBL's breach of the Redemption Agreement and seeks to recover all such damages.

## COUNTERCLAIM 3
### Defamation - Anderson, Reed and TBL

45. Clay hereby incorporates the preceding paragraphs by reference as if fully restated herein.

46. TBL is required to pay all claims submitted under the Signature Plan with a date of service prior to January 1, 2025, in full, no later than December 31, 2024. Redemption Agreement, ¶ 3(b)(vii). TBL has failed to pay the claims and Plaintiffs have stated to the public that their failure to pay the claims is because of the actions of Clay, including that he interfered with their claims payment process and that it was Clay's responsibility to pay the claims. These statements are contrary to the terms of the Redemption Agreement, false and have defamed and tarnished the reputation of Clay.

47. Plaintiffs know that their statements that they are unable to pay claims because of Clay's interference and other actions are false.

48. Plaintiffs made these statements to incite public hatred, contempt, ridicule, fear, and concern about Clay and his business activities, relationships, and affiliations, and to injure Clay's business, goodwill, and relationships with current and prospective colleagues, clients and

business partners. Plaintiffs' false statements are incendiary and have caused Clay to fear for his safety.

49. Plaintiffs' false statements have injured, and will continue to injure, Clay's reputation.

50. As a direct and proximate result of these acts by Plaintiffs, Clay has suffered damages in an amount to be determined at trial.

51. Further, Clay will continue to suffer irreparable harm that cannot be adequately compensated with an award of damages. Accordingly, Clay is entitled to and seeks injunctive relief from Plaintiffs' defamatory statements.

## COUNTERCLAIM 4
### Fraud – Anderson and Reed

52. Clay hereby incorporates the preceding paragraphs by reference as if fully restated herein.

53. Reed and Anderson represented to Clay that TBL was and is a valid and properly formed and maintained association and that it complied in all material aspects with all applicable state and federal laws.

54. Reed and Anderson told Clay that the plans were AHPs and complied with all federal and state mandates.

55. Both Reed and Anderson also told Clay that the insurance plans TBL offered provided comprehensive coverage.

56. Clay relied on these representations and joined TBL, purchased an alleged Prime PPO health insurance plan and paid significant monthly premiums to TBL.

57. The representations made by Reed and Anderson to Clay are false.  TBL is not a valid and properly formed and maintained association and does not comply in all material aspect

with all applicable state and federal laws. The insurance plans TBL offered to Clay do not provide comprehensive coverage. Both Reed and Anderson knew or should have known that these representations were false when they made them.

58. Clay has suffered and continues to suffer damages as a result of Plaintiffs' representations and seeks to recover all such damages. Those damages include the lack of medical coverage for various claims incurred and submitted under the Prime PPO health insurance plan.

### COUNTERCLAIM 5
### Accounting - Anderson, Reed and TBL

59. Clay hereby incorporates the preceding paragraphs by reference as if fully restated herein.

60. Plaintiffs hold, possess, and/ or manage premiums and other funds and will continue to hold, possess, or manage future premiums which should be used to pay the claims submitted to the Signature Plan and the other health insurance plans Plaintiffs market and manage.

61. Plaintiffs have not paid claims submitted to the Signature Plan and Clay regularly receives calls from past Signature Plan subscribers who constantly complain that their claims have not been paid.

62. Clay is entitled to an accounting for the past three years from Plaintiffs to determine the premiums collected and the claims submitted and paid or not paid.

### COUNTERCLAIM 6
### Conspiracy - Anderson, Reed and TBL

63. Clay hereby incorporates the preceding paragraphs by reference as if fully restated herein.

64. Plaintiffs were members of a combination of two or more persons and/or entities whose objective was to accomplish an unlawful purpose or a lawful purpose by an unlawful means,

all of whom had a meeting of the minds on the objective or course of action, as described in the preceding paragraphs.

65. As set forth above, Plaintiffs agreed (a) to market and represent to Clay and the public that the plans TBL offers are true or registered AHP plans; (b) that TBL would not pay the claims Clay, his family members and his medical providers submitted under the Prime PPO health insurance plan; (c) create and market their PPO health insurance plans as major medical plans that provide comprehensive health insurance coverage when such representations were false; and (d) not to pay the claims incurred under the Signature Plan that existed prior to January 1, 2025 before the contractual agreed to deadline.

66. Clay has suffered and will continue to suffer damages and irreparable harm as a result of Plaintiffs' conspiracy with each other to commit the foregoing acts.  Specifically, Clay has sustained damages in an amount in excess of the minimum jurisdictional limits of this Court, and Clay seeks judgment against Plaintiffs for his actual damages, interest at the maximum legal rate, and attorneys' fees and costs associated with this lawsuit pursuant to applicable law.

### COUNTERCLAIM 7
### Attorneys' Fees - Anderson, Reed and TBL

67. Based on the acts and/or omissions of Plaintiffs described above, Clay has retained the services of Sheppard Mullin Richter & Hampton LLP to protect his interests and pursue the foregoing claims against Plaintiffs.  Clay is therefore entitled, pursuant to the ICA, the Redemption Agreement, Texas Civil Practice & Remedies Code § 38.001, and all other applicable Texas law, to recover from Plaintiffs the attorneys' fees and costs incurred in connection with this dispute and in pursuing his claims. All conditions precedent to Clay's recovery of attorneys' fees have been fulfilled by Clay or have been waived by Plaintiffs' acts and/or omissions.

# IV.
# PRAYER FOR RELIEF

WHEREFORE, Clay requests that the Court enter judgment in its favor and against Plaintiffs as follows:

    (a)    dismiss, with prejudice, Plaintiffs' claims against Clay;

    (b)    deny all relief Plaintiffs seek in their Original Complaint and all amendments thereto;

    (c)    award Clay actual damages and exemplary damages;

    (d)    award Clay his attorneys' fees and costs;

    (e)    award Clay prejudgment and post judgment interest, and Court costs and fees; and

    (f)    award Clay any other relief the Court deems just and equitable.

Dated:  Janauary 21, 2025

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By  /s/  Dwight M. Francis
DWIGHT M. FRANCIS
Texas Bar No. 00785877
AIMEE C. OLESON
Texas Bar No. 24036391
GRACE S. MILLER
Texas Bar No. 24132499
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
dfrancis@sheppardmullin.com
aoleson@sheppardmullin.com
gmiller@sheppardmullin.com

ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT MATTHEW CLAY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service on January 21, 2025, via electronic filing using the Court's CM/ECF system.

/s/ Dwight M. Francis
Dwight M. Francis