UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | |
|---|---|
| THIN BLUE LINE BENEFITS § <br> ASSOCIATION HOLDINGS, LLC, § <br> ANNA REED AND ROBERT § <br> ANDERSON, § <br>     Plaintiffs and Counterclaim § <br>     Defendants § <br> § <br> v. § <br> § <br> MATTHEW CLAY, § <br>     Defendant and Counterclaimant § | Civil Action No.: 1:24-cv-01510-ADA |

## PLAINTIFFS' ANSWER TO DEFENDANT'S COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Thin Blue Line Benefits Association Holdings, LLC ("TBL"), Anna Reed ("Reed"), and Robert Anderson ("Anderson") (collectively referred to as "Plaintiffs") file the following Answer to the Counterclaim of Matthew Clay ("Defendant").

### I. ANSWER

Plaintiffs deny all allegations in Defendant's Counterclaims that are not specifically admitted below and further set forth the following replies to Defendant's allegations that were made as part of his counterclaims

**COUNTERCLAIMS**

<u>Parties</u>

1.  Plaintiffs admit that Clay represented to them that he was a law enforcement officer for 27 years, but Plaintiffs are without sufficient knowledge or information to form a belief about the truth of the representation in sentence one, Paragraph 1 of Defendant's Counterclaims. With respect to sentence two, Paragraph 1, Clay represented to Reed and Anderson that he was working

on obtaining licenses in different states as part of his exiting TBL, but Plaintiffs are without sufficient knowledge or information to form a belief about the truth or falsity of the remaining allegations in sentence 2, Paragraph 1.

2.       Plaintiffs admit that Clay is a former member of TBL, and he held 37% of the membership interests. Plaintiffs deny the remaining allegations contained in Paragraph 2 of Defendant's Counterclaim.

3.       Plaintiffs admit the allegations in Paragraph 3 of Defendant's Counterclaim.

4.       Plaintiffs admit the allegations in Paragraph 4 of Defendant's Counterclaim.

5.       Plaintiffs admit the allegations in Paragraph 5 of Defendant's Counterclaim.

**FACTUAL BACKGROUND**

(a) Plaintiffs' Representations to Clay

6.       Plaintiffs admit that TBL is a members-only association and deny the remaining allegations contained in Paragraph 6 of Defendant's Counterclaim.

7.       Plaintiffs admit that TBL is an association, and deny the remaining allegations contained in Paragraph 7 of Defendant's Counterclaim.

8.       Plaintiffs admit that Anderson has years of experience in insurance health plans, and has custom designed some health plans. Plaintiffs deny the remaining allegations in Paragraph 8 of Defendant's Counterclaim.

9.       Plaintiffs are without sufficient knowledge or information to form a belief about the truth or falsity of what Clay marketed, and deny the remaining allegations contained in Paragraph 9 of Defendant's Counterclaim.

10. Plaintiffs deny that claims were not paid. Plaintiffs are without sufficient knowledge or information to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 10 of Defendant's Counterclaims.

11. Plaintiffs deny the allegations in Paragraph 11 of Defendant's Counterclaim.

12. Plaintiffs deny the allegations in Paragraph 12 of Defendant's Counterclaim.

(b) The Redemption and Withdrawal Agreement

13. Plaintiffs admit that Clay requested to withdraw as a member of TBL due to health issues, and deny the remaining allegations contained in Paragraph 13 of Defendant's Counterclaim.

14. Plaintiffs admit the allegations in Paragraph 14 of Defendant's Counterclaim.

15. Plaintiffs deny that Clay contributed any capital to TBL. Plaintiffs admit the remainder of the allegations contained in Paragraph 15 of Defendant's Counterclaim.

16. Plaintiffs admit that as partial consideration for Clay relinquishing his membership interests in TBL, Plaintiffs provided Clay with the opportunity to obtain full ownership of the Signature Plan. Plaintiffs deny the remainder of the allegations contained in Paragraph 16 of Defendant's Counterclaim.

17. Plaintiffs admit the allegations in Paragraph 17 of Defendant's Counterclaim.

18. Plaintiffs deny the allegations in Paragraph 18 of Defendant's Counterclaim. Rather, Clay had the opportunity for full ownership, marketing, and selling, to the extent that Clay completed the requisites for full transfer.

19. Plaintiffs admit that the Signature Plan contained an ACA-compliant minimal essential coverage ("MEC"), of which Clay was part of the negotiations for the MEC. Plaintiffs deny the allegations in Paragraph 19 of Defendant's Counterclaim.

20. Plaintiffs admit the allegations in Paragraph 20 of Defendant's Counterclaim, but clarify that while possession transferred, ownership and authority did not transfer until January 1, 2025 and only if Clay met all the prerequisites of the Redemption Agreement.

21. Plaintiffs admit that Clay requested the Signature Plan documents, related agreements, vendor contracts, and Signature member census and data from TBL. Plaintiffs deny the remaining allegations contained in Paragraph 21 of Defendant's Counterclaim.

22. Plaintiffs deny the allegations in Paragraph 22 of Defendant's Counterclaim.

23. Plaintiffs admit the allegations in Paragraph 23 of Defendant's Counterclaim.

24. Plaintiffs deny the allegations in Paragraph 24 of Defendant's Counterclaim.

(c) The Independent Contractor Agreement

25. Plaintiffs admit that Clay was engaged as an Independent Contractor as reflected in the Independent Contractor Agreement dated July 2, 2024 and effective August 1, 2024 and that a copy is attached to the Complaint, as partially alleged in Paragraph 25 of Defendant's Counterclaim.

26. As to Paragraph 26, Plaintiffs deny that Clay had sole discretion in deciding to attend conferences; rather he had discretion as to which conferences to attend based on importance. Plaintiffs admit the remaining allegations in Paragraph 26 of Defendant's Counterclaim.

27. Plaintiffs deny the allegations in Paragraph 27 of Defendant's Counterclaim.

28. Plaintiffs admit that the Independent Contractor Agreement was terminated due to Clays' breach, and deny the remaining allegations contained in Paragraph 28 of Defendant's Counterclaim.

(d) "Plaintiffs' Campaign of Falsehoods" - Plaintiffs object to Defendant's heading and deny they engaged in a "Campaign of Falsehoods"

29. Plaintiffs are without sufficient knowledge or information to form a belief about the truth or falsity of the allegations contained in Paragraph 9 of Defendant's Counterclaim.

30. Plaintiffs deny the allegations in Paragraph 30 of Defendant's Counterclaim.

31. Plaintiffs deny the allegations in Paragraph 31 of Defendant's Counterclaim.

**CAUSES OF ACTION**

32. Plaintiff denies that Defendant is entitled to the Causes of Action asserted against Plaintiffs in Defendant's Counterclaim.

Counterclaim 1 – Breach of ICA against TBL

33. Plaintiffs incorporate their responses given in Paragraphs 1 through 32 above, as if fully set forth herein.

34. Plaintiffs admit the allegations in Paragraph 34 of Defendant's Counterclaim.

35. Plaintiffs deny the allegations in Paragraph 35 of Defendant's Counterclaim.

36. Plaintiffs deny the allegations in Paragraph 36 of Defendant's Counterclaim.

37. Plaintiffs deny the allegations in Paragraph 37 of Defendant's Counterclaim.

Counterclaim 2 – Breach of RWA against Anderson, Reed and TBL

38. Plaintiffs incorporate their responses given in Paragraphs 1 through 37 above, as if fully set forth herein.

39. Plaintiffs admit the allegations in Paragraph 39 of Defendant's Counterclaim.

40. Plaintiffs deny the allegations in Paragraph 40 of Defendant's Counterclaim.

41. Plaintiffs deny the allegations in Paragraph 41 of Defendant's Counterclaim.

42. Plaintiffs deny the allegations in Paragraph 42 of Defendant's Counterclaim.

43. Plaintiffs deny the allegations in Paragraph 43 of Defendant's Counterclaim

44. Plaintiffs deny the allegations in Paragraph 44 of Defendant's Counterclaim

Counterclaim 3 – Defamation against Anderson, Reed and TBL

45.     Plaintiffs incorporate their responses given in Paragraphs 1 through 44 above, as if fully set forth herein.

46.     Plaintiff TBL admits its contractual obligations contained in the first sentence of Paragraph 46, and reiterates that TBL has and continues to pay Signature Plan claims. Plaintiffs deny the remaining allegations contained in Paragraph 46 of Defendant's Counterclaim.

47.     Plaintiffs deny the allegations in Paragraph 47 of Defendant's Counterclaim.

48.     Plaintiffs deny the allegations in Paragraph 48 of Defendant's Counterclaim.

49.     Plaintiffs deny the allegations in Paragraph 49 of Defendant's Counterclaim.

50.     Plaintiffs deny the allegations in Paragraph 50 of Defendant's Counterclaim.

51.     Plaintiffs deny the allegations in Paragraph 51 of Defendant's Counterclaim.

Counterclaim 4 – Fraud against Anderson and Reed

52.     Plaintiffs incorporate their responses given in Paragraphs 1 through 51 above, as if fully set forth herein.

53.     Reed and Anderson admit that TBL was a properly formed legal entity that has been maintained, but Reed and Anderson are without sufficient knowledge to admit or deny whether they represented such matters to Clay, or if Clay possessed such knowledge because he was a part of the process.  Reed and Anderson are without sufficient knowledge to admit or deny the remaining allegations in Paragraph 53 of Defendant's Counterclaim, as the phrase "complied in all material aspects with all applicable state and federal laws" is too broad and vague.

54.     Reed and Anderson are without sufficient knowledge or information to form a belief about the truth or falsity of the allegations contained in Paragraph 54 of Defendant's Counterclaims as it is unclear as to which "plans" Clay is referring.

55. Reed and Anderson deny the allegations in Paragraph 55 of Defendant's Counterclaim, to the extent that it implies TBL sells insurance plans or offers insurance plans to individuals, which it does not. TBL offers memberships which provides access to benefits, such as pre-65 health insurance for retired members. Further, Reed and Anderson are without sufficient knowledge or information to form a belief about the truth or falsity of the allegations contained in Paragraph 55 of Defendant's Counterclaims as it is unclear as to which "plans" Clay is referring.

56. Plaintiffs deny the allegations contained in Paragraph 56.

57. Plaintiffs deny the allegations in Paragraph 57 of Defendant's Counterclaim.

58. Plaintiffs deny the allegations in Paragraph 58 of Defendant's Counterclaim. All of Clay's claims have been paid by TBL.

Counterclaim 5 – Accounting against Anderson, Reed and TBL

59. Plaintiffs incorporate their responses given in Paragraphs 1 through 58 above, as if fully set forth herein.

60. Plaintiffs are without sufficient knowledge or information to form a belief about the truth or falsity of the allegations contained in Paragraph 60 of Defendant's Counterclaims as it is unclear as to what "premiums and other funds" Clay is referring.

61. Plaintiffs deny that they have not paid claims submitted to the Signature Plan, and are without sufficient knowledge or information to form a belief about the truth or falsity of the remaining allegations contained in Paragraph 61 of Defendant's Counterclaim.

62. Plaintiffs deny the allegations in Paragraph 62 of Defendant's Counterclaim.

Counterclaim 6 – Conspiracy against Anderson, Reed and TBL

63. Plaintiffs incorporate their responses given in Paragraphs 1 through 62 above, as if fully set forth herein.

64. Plaintiffs deny the allegations in Paragraph 64 of Defendant's Counterclaim.

65. Plaintiffs deny the allegations in Paragraph 64 of Defendant's Counterclaim.

66. Plaintiffs deny the allegations in Paragraph 66 of Defendant's Counterclaim.

<u>Counterclaim 7 – Attorney's Fees against Anderson, Reed and TBL</u>

67. Plaintiffs admit that Defendant filed its Answer, Defenses and Counterclaim through Sheppard Mullin Richter & Hampton LLP, and deny the remainder of the allegations contained in Paragraph 67. In particular, Plaintiffs deny that Clay has fulfilled all conditions precedent to recovery of attorney's fees because Clay did not fulfill the obligations of any contract at issue in this lawsuit and attorney's fees are not recoverable for certain claims asserted by Clay.

**PRAYER FOR RELIEF**

68. To the extent that Defendant's Prayer for Relief requires an admission or dismissal, Plaintiffs deny that Defendant is entitled to any of the relief sought in parts (a)-(f) of the Prayer for Relief of Defendant's Counterclaim.

## II. PLAINTIFFS' DEFENSES

69. Subject to the responses above, Plaintiffs assert the following defenses to Defendant's counterclaims and reserves the right to set forth additional defenses, at law or in equity, that may exist now or may become known through as further investigation and discovery continues in this action.

**Defense to Counterclaim 1: Breach of Independent Contractor Agreement ("ICA")**
**(against TBL)**

70. Clay is not entitled to a termination payment under the ICA due to his material breach of the ICA.

71. Clay failed to perform the services he was hired for. He failed to keep TBL's non-public financial and business affairs confidential. Additionally, Clay made false statements about TBL's financial viability.

72. Because of Clay's material breach of the ICA, Plaintiff TBL is discharged and excused from its duty to perform under the ICA

### Defense to Counterclaim 2: Breach of Redemption and Withdrawal Agreement ("RWA")
### (against Anderson, Reed and TBL)

70. The RWA required Clay to perform certain conditions precedent to full ownership of the Signature Plan, which Clay did not do. Had Clay performed all his obligations, full ownership of the plan would have been transferred to Clay on January 1, 2025.

71. Instead, Clay began taking steps to shut down the Signature Plan before complying with all the requirements. He also failed to meet obligations to the Signature Plan members, violated the non-compete agreement of the RWA, and made misrepresentations to members concerning the financial status of TBL.

72. Furthermore, TBL has paid all Signature Plan claims to date.

74. Because of Clay's material breach of the RWA, Plaintiff TBL is discharged and excused from its duty to perform under the RWA.

### Defense to Counterclaim 3: Defamation
### (against Anderson, Reed and TBL)

76. Plaintiffs did not defame Clay. Plaintiffs never referred to Clay or intended to refer to Clay in any communications. Additionally, all statements made in communications were true, concerning problems encountered in payment of claims.

### Defense to Counterclaim 4: Fraud
### (against Anderson and Reed)

78. Plaintiffs Anderson and Reed deny that they engaged in fraud. TBL is a properly formed entity. At no time did Anderson and Reed make any specific statement concerning the type of plan, or what those plans offered. Rather, Mr. Clay was involved in all the conversations

concerning the plans that TBL would contract with to provide health benefits to its members. TBL itself does not offer or sell health plans.

79. Additionally, if any statement made by Anderson or Reed was construed by Clay as making such representations, that was not the intent of Anderson or Reed.

### Defense to Counterclaim 5: Accounting
### (against Anderson, Reed and TBL)

81. Clay seeks an equitable accounting of all premiums paid and claims submitted, because Clay alleges that claims remain unpaid. Plaintiffs reiterate that all claims under the Signature Plan have been paid.

82. To the best of Plaintiffs' knowledge, there is no legal basis for Clay to be entitled to "the past three years . . . to determine the premiums collected and claims submitted and paid or not paid." *See* Counterclaim 5 at para 62.

### Defense to Counterclaim 6: Conspiracy
### (against Anderson, Reed and TBL)

83. Plaintiffs have not engaged in any act for an unlawful purpose, or unlawful means.

84. Plaintiffs assert that this claim is barred for failure to plead properly, and barred by the economic loss rule.

### Defense to Counterclaim 7: Attorney Fees
### (against Anderson, Reed and TBL)

86. In order to claim the benefit of attorney's fees under the RWA and ICA, Clay must have performed all conditions precedent to the agreements. In particular, Plaintiffs deny that Clay has fulfilled all conditions precedent to recovery of attorney's fees because Clay did not fulfill the obligations of any contract at issue in this lawsuit and attorney's fees are not recoverable for certain claims asserted by Clay. Clay has not performed his condition precedent.

## IV. PRAYER FOR RELIEF

80. WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that on final hearing, Defendant take nothing against any Plaintiff and that Plaintiffs have judgment against Defendant for:

    a.    The declaratory relief sought as set forth in the Complaint;

    b.    Actual, special, or other damages as allowed by law or in equity within the jurisdictional limits of this Court;

    c.    Injunctive relief as set forth in this Complaint;

    d.    Reasonable and necessary attorney's fees incurred by Plaintiffs in this suit as may be allowed by law;

    e.    Pre- and post-judgment interest as allowed by law;

    f.    Court Costs; and

    g.    Such other and further relief to which Plaintiffs may be justly entitled in law or in equity.

Respectfully submitted,

THE DEITCH LAW OFFICES
800 Rio Grande
Austin, Texas 78701
512/ 474-1554
512/ 474-1579 (telecopy)
mike@deitchlaw.com (email)
brian@deitchlaw.com (email)
mary@deitchlaw.com (email)

By */s/ MARY L. DALE*
    MARY L. DALE
    STATE BAR NO. 24034404
    MICHAEL DEITCH
    STATE BAR NO. 05644550

        BRIAN DEITCH
        STATE BAR NO. 24067572

Attorneys for Plaintiffs,

Thin Blue Line Benefits Association Holdings, LLC, Anna Reed, and Robert Anderson