AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Texas

THIN BLUE LINE BENEFITS ASSOCIATION HOLDINGS, LLC, ANNA REED AND ROBERT ANDERSON
*Plaintiff*
v.
MATTHEW CLAY
*Defendant*

Civil Action No. 1-cv-24-1510-DII

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Thin Blue Line Benefits, Inc.
208 Fulton Avenue, Rockport, Texas 78382

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A.

| Place: Electronically at dfrancis@sheppardmullin.com or Sheppard Mullin Richter & Hampton LLP, 2200 Ross Avenue, 20th Floor, Dallas, Texas 75201 | Date and Time: 07/07/2025 9:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/23/2025

*CLERK OF COURT*

_______________________
*Signature of Clerk or Deputy Clerk*

OR

/s/ Dwight M. Francis
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Matthew Clay, who issues or requests this subpoena, are:

Dwight M. Francis, 2200 Ross Avenue, 20th Floor, Dallas, TX 75201, dfrancis@sheppardmullin.com, (469) 391-7400

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1-cv-24-1510-DII

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A—DOCUMENT REQUESTS

## I. DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these requests is intended to have the broadest meaning. As used in these requests, the following terms are to be interpreted with these definitions:

A. As used herein, "Defendant" or "Clay" shall mean Defendant Matthew Clay.

B. As used herein, "Thin Blue Line Benefits," "You", and "Your" shall mean and refer to Thin Blue Line Benefits, Inc. and includes, without limitation, all agents, accountants, advisors, contractors, representatives, and attorneys, and all persons who acted or purported to act on behalf of Thin Blue Line Benefits.

C. As used herein, "Reed" shall mean and refer to Plaintiff Anna Reed and includes, without limitation, all agents, accountants, advisors, contractors, representatives, and attorneys, and all persons who acted or purported to act on behalf of Plaintiff Anna Reed.

D. As used herein, "Anderson" shall mean and refer to Plaintiff Robert Anderson and includes, without limitation, all agents, accountants, advisors, contractors, representatives, and attorneys, and all persons who acted or purported to act on behalf of Plaintiff Robert Anderson.

E. As used herein, "Complaint" shall mean the complaint filed in this action on December 9, 2024 (ECF No. 1) with cause number 1-cv-24-1510-DII.

F. As used herein, "The Signature Plan" has the same definition as in Paragraph 2 of the Redemption and Withdrawal Agreement attached as Exhibit D of the Complaint.

G. As used herein, "Documents" and/or "Communications" shall mean all items that fall within the scope of Fed. R. Civ. P. 34, including all forms of writings, recordings, and photographs as defined in Fed. R. Evid. 1001, and includes any reduction to tangible form, including any written, recorded, photographed or filmed matter and any computer, electronic,

magnetic or optical memory or storage, of any communications, information or data of any kind or nature, however produced or reproduced, including originals, drafts and copies; as well as correspondence, e-mails, text or other electronic messages, memoranda, drafts, reports, financial statements, time sheets, notes (including stenographic notes), records, letters, envelopes, telegrams, telephone logs, facsimiles, messages (including reports, notes and memoranda of personal or other telephone conversations and conferences), contracts, agreements, summaries, photographs, tapes, audiotapes, or other recordings, disks, data cells, printouts, and other compilations from which information can be obtained. This definition applies to all records in your possession, custody or control, and that of your current and former agents, representatives, employees, and attorneys, irrespective of who generated, prepared, or signed the records. A record is deemed to be within your control if you have ownership, possession or custody of the record or a copy, or the right to secure the record or a copy from any person or public or private entity having physical possession of it.

H. These requests shall be deemed continuing so as to require supplemental responses if you discover additional information between the time your responses are produced and the time of trial.

I. Whenever appropriate, the singular form of a word includes the plural form and vice versa; verb tenses shall be interpreted to include past, present, and future tenses; the terms "and" as well as "or" shall be construed either conjunctively or disjunctively, as necessary, to bring within the scope of these requests any documents and things that might otherwise be considered to be outside their purview; the non-possessive form of a word includes the possessive form and vice versa; words imparting the masculine include the feminine and the neutral, and vice versa; the term "any" includes "all" and the term "all" includes "any."

J. These requests are submitted for purposes of discovery only, and nothing contained herein shall be taken as an admission of relevance, or as a waiver of any objections to the admissibility at trial, of any evidence or information sought by these Requests or furnished in response thereto.

## II. INSTRUCTIONS

A. Unless otherwise specified in a particular document request, the time period covered by the command of this Subpoena is January 1, 2022 to the present.

B. It is your duty in answering these requests to conduct a reasonable investigation so that You disclose and produce all available responsive and non-privileged documents.

C. For each item or category in a request, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.

D. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

E. If, in responding to this Subpoena, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

F. Documents that are under your control must be produced, even though they are in the possession of an employee, or agent, such as an accountant, attorney, or other person from whom you have a right to retrieve the documents.

G. If any request herein requires the production of documents that are no longer in your actual or constructive possession, custody, or control or which have been destroyed or lost, then in lieu of production, you shall state or identify the title of the document, the author of the

document, each person to whom or by whom a copy of the original of the document was delivered, forwarded, or has been received, the date of the document, and the general subject matter of the document. In the event you claim that information contained other than in documentary form is no longer in your actual or constructive possession, custody, or control or has been destroyed or lost, you shall state or identify the nature of the information, the creator of the information, the person to whom the information was or was to be forwarded, delivered or for whom it was prepared, the date of the creation of the information, and the manner in which the information has been memorialized, if at all.

H. In any instance where documents, data, or information requested herein is stored on a computer, a computer hard drive, a computer mainframe, computer back-up tape, or in any other electronic format, you shall produce the data, information, or documents on CD ROM, DVD, external hard drive, thumb drive or other computer-readable medium, or in hard copy paper form. Further, you shall produce all documentation or programs that allow review of any such electronic media.

I. You are under a continuing obligation to respond to the requests set forth herein. Accordingly, if you subsequently gain actual or constructive possession, custody, or control of any document called for in the requests set forth herein that has not been produced to Defendant you must produce such document to Defendant as soon as possible or provide a written explanation to Defendant as to why you will not produce the document.

J. The documents shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the requests.

K. Whenever in these requests you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

1. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

2. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, you are expected to disclose, promptly and with particularity, the facts on which you rely to support that contention.

L. When a document contains both privileged and non-privileged material, the nonprivileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, you must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

M. The following parameters shall apply to the production of electronically stored information ("ESI"):

1. **General Document Image Format:** ESI shall generally be produced in single page, searchable TIFF format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Concordance-compatible load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

2. **Footer:** Each document image shall contain a footer with a sequentially ascending production number.

## III. DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:**

All Communications between Thin Blue Line Benefits and the department of insurance for the State of Texas from January 1, 2020 to present.

**DOCUMENT REQUEST NO. 2:**

All Communications between Thin Blue Line Benefits, and the Ohio Police and Fire Pension Fund from January 1, 2020 to present.

**DOCUMENT REQUEST NO. 3:**

All Communications between Thin Blue Line Benefits on one hand and the directors, officers, employees and/or staff of Instynctive, including CEO Gary Goldstein, on the other hand.

**DOCUMENT REQUEST NO. 4:**

All Communications between Thin Blue Line Benefits, on one hand and the directors, officers, employees and/or staff of Kentucky Health Administrators, on the other hand.

**DOCUMENT REQUEST NO. 5:**

All Communications between Thin Blue Line Benefits on one hand and the directors, officers, employees and/or staff of MightyWell, on the other hand.

**DOCUMENT REQUEST NO. 6:**

All Communications between Thin Blue Line Benefits on one hand and any member or leader of a Fraternal Order of Police, on the other hand.

**DOCUMENT REQUEST NO. 7:**

The Signature Plan, including but not limited to all Signature Plan documents, related agreements, vendor contracts, and Signature member census and data.

**DOCUMENT REQUEST NO. 8:**

All Communications (including all notices related to any modifications to the Signature Plan) between Thin Blue Line Benefits and the insureds, members or subscribers to the Signature Plan.

**DOCUMENT REQUEST NO. 9:**

All documents showing the premiums paid and/ or other monies collected by Thin Blue Line Benefits or its agents and representatives from insureds, members, and/ or subscribers to the Signature Plan.

**DOCUMENT REQUEST NO. 10:**

All documents showing the commissions Thin Blue Line Benefits or its agents and representatives earned from the premiums and/ or other monies collected by Thin Blue Line Benefits or its agents and representatives from insureds, members, and/ or subscribers to the Signature Plan.

**DOCUMENT REQUEST NO. 11:**

All claims submitted under the Signature Plan with a date of service prior to January 1, 2025.

**DOCUMENT REQUEST NO. 12:**

All documents showing the payment of claims submitted under the Signature Plan.

**DOCUMENT REQUEST NO. 13:**

All documents showing the claims that were submitted under the Signature Plan but not paid by Thin Blue Line Benefits.

**DOCUMENT REQUEST NO. 14:**

All Communications between Thin Blue Line Benefits, Inc. and insureds, members or subscribers to the Signature Plan.

**DOCUMENT REQUEST NO. 15:**

All agreements between Clay and Thin Blue Line Benefits.

**DOCUMENT REQUEST NO. 16:**

All agreements between Thin Blue Line Benefits and Reed and any companies owned or controlled by Reed.

**DOCUMENT REQUEST NO. 17:**

All agreements between Thin Blue Line Benefits and Anderson and any companies owned or controlled by Anderson including Benefit Strategies LLC.

**DOCUMENT REQUEST NO. 18:**

All agreements between Thin Blue Line Benefits and Thin Blue Line Benefits, Inc.

**DOCUMENT REQUEST NO. 19:**

All agreements between Thin Blue Line Benefits and Motu Enterprises LLC.

**DOCUMENT REQUEST NO. 20:**

All agreements between Thin Blue Line Benefits and Align Health Partners LLC.

**DOCUMENT REQUEST NO. 21:**

All agreements between Thin Blue Line Benefits and Cigna, Cigna Health and Life Insurance company or their affiliates.

**DOCUMENT REQUEST NO. 22:**

All agreements between Thin Blue Line Benefits and Zion HealthShare.

**DOCUMENT REQUEST NO. 23:**

All agreements between Thin Blue Line Benefits and Quilt Benefits.

**DOCUMENT REQUEST NO. 24:**

All agreements between Thin Blue Line Benefits and Kentucky Health Administrators.

**DOCUMENT REQUEST NO. 25:**

All agreements between Thin Blue Line Benefits and Orchestra Rx.

**DOCUMENT REQUEST NO. 26:**

All notices including any notice of termination from Cigna, Cigna Health and Life Insurance company or their affiliates to Thin Blue Line Benefits.

**DOCUMENT REQUEST NO. 27:**

All Communications between Thin Blue Line Benefits on one hand and Cigna, Cigna Health and Life Insurance company or their affiliates, on the other hand.

**DOCUMENT REQUEST NO. 28:**

The documents showing payments made by Thin Blue Line Benefits to Clay.

**DOCUMENT REQUEST NO. 29:**

The documents showing payments made by Thin Blue Line Benefits to Reed and any companies owned or controlled by Reed.

**DOCUMENT REQUEST NO. 30:**

The documents showing payments made by Thin Blue Line Benefits to Anderson and any companies owned or controlled by Anderson.

**DOCUMENT REQUEST NO. 31:**

The documents showing payments made by Thin Blue Line Benefits to Thin Blue Line Benefits, Inc.

**DOCUMENT REQUEST NO. 32:**

The documents showing payments made by Thin Blue Line Benefits to Motu Enterprises LLC.

**DOCUMENT REQUEST NO. 33:**

The documents showing payments made by Thin Blue Line Benefits to Orchestra Rx.

**DOCUMENT REQUEST NO. 34:**

The documents showing payments made by Thin Blue Line Benefits to Align HealthPartners LLC.

**DOCUMENT REQUEST NO. 35:**

The documents showing payments made by Thin Blue Line Benefits to Quilt Benefits.

**DOCUMENT REQUEST NO. 36:**

The documents showing payments made by Thin Blue Line Benefits to Kentucky Health Administrators.

**DOCUMENT REQUEST NO. 37:**

All authorizations and other documents issued by the State of Texas to Thin Blue Line Benefits approving the issuance of health insurance policies and/ or products to retired and former police officers and fire fighters.

**DOCUMENT REQUEST NO. 38:**

All documents from any State's Department of Insurance approving or authorizing Thin Blue Line Benefits to issue health insurance policies or products to retired and former police officers and fire fighters.

**DOCUMENT REQUEST NO. 39:**

All documents from the Federal Government or any of its departments approving or authorizing Thin Blue Line Benefits to issue health insurance policies or products to retired and former police officers and fire fighters.

**DOCUMENT REQUEST NO. 40:**

All Communications between Thin Blue Line Benefits, Reed and Anderson, on one hand and the U.S. Department of Labor, on the other hand.

**DOCUMENT REQUEST NO. 41:**

The documents which show or demonstrate that Thin Blue Line Benefits is a bona fide association.

**DOCUMENT REQUEST NO. 42:**

All Communications between Thin Blue Line Benefits and Clay.

**DOCUMENT REQUEST NO. 43:**

All Communications between Thin Blue Line Benefits and Reed.

**DOCUMENT REQUEST NO. 44:**

All Communications between Thin Blue Line Benefits and Anderson.

**DOCUMENT REQUEST NO. 45:**

All Communications between Thin Blue Line Benefits and Thin Blue Line Benefits, Inc.

**DOCUMENT REQUEST NO. 46:**

All Communications between Thin Blue Line Benefits and Motu Enterprises LLC.

**DOCUMENT REQUEST NO. 47:**

All Communications between Thin Blue Line Benefits and Align Health Partners LLC.

**DOCUMENT REQUEST NO. 48:**

All Communications between Thin Blue Line Benefits and Quilt Benefits.

**DOCUMENT REQUEST NO. 49:**

All Communications between Thin Blue Line Benefits and Paul Ford.

**DOCUMENT REQUEST NO. 50:**

All Communications between Thin Blue Line Benefits and Orchestra Rx.

**DOCUMENT REQUEST NO. 51:**

A copy of all insurance plans Thin Blue Line Benefits has issued including the plan documents and summary plan descriptions.

**DOCUMENT REQUEST NO. 52:**

Thin Blue Line Benefits's marketing materials.

**DOCUMENT REQUEST NO. 53:**

The documents showing the value of Thin Blue Line Benefits as of January 2024.

**DOCUMENT REQUEST NO. 54:**

All Communications between Thin Blue Line Benefits and Mike Harb.

**DOCUMENT REQUEST NO. 55:**

All Communications between Thin Blue Line Benefits and Domenica Van-Dyke.

**DOCUMENT REQUEST NO. 56:**

All Communications between Thin Blue Line Benefits, Reed and/ or Anderson, on one hand and the department of insurance for the State of Ohio, on the other hand, from January 1, 2020 to present.

**DOCUMENT REQUEST NO. 57:**

All Communications between Thin Blue Line Benefits and Steve Gervasio.

**DOCUMENT REQUEST NO. 58:**

All Communications between Thin Blue Line Benefits on one hand and Planstin Administration and all owners, officers and directors including Nathan Udy and Derek Udy, on the other hand, from January 1, 2020 to present.

**DOCUMENT REQUEST NO. 59:**

All Communications between Thin Blue Line Benefits and all issuers of Stop Loss coverage used to provide policies to Thin Blue Line Benefits from January 1, 2020 to present.

**DOCUMENT REQUEST NO. 60:**

All Communications between Thin Blue Line Benefits and the executive board members at the National Fraternal Order of Police including Patrick Yoes, Rob Pride and Steve James.

**DOCUMENT REQUEST NO. 61:**

All Communications between Thin Blue Line Benefits and Jason Pappas, former VP at the Ohio Fraternal Order of Police, Gary Wolske, Immediate past President Oho FOP, and/ or Jay MacDonald, President Ohio FOP.

**DOCUMENT REQUEST NO. 62:**

All corporate documents for Thin Blue Line Benefits, including but not limited to operating agreements and any amendments thereto, certificates of formation, any filings amending or modifying the certificate of formation, and public information reports.

Dated: June 23, 2025

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By *_/s/ Dwight M. Francis_*

DWIGHT M. FRANCIS
Texas Bar No. 00785877
AIMEE C. OLESON
Texas Bar No. 24036391
2200 Ross Avenue, 20th Floor
Dallas, Texas 75201
Tel. (469) 391-7400
Fax (469) 391-7401
dfrancis@sheppardmullin.com
aoleson@sheppardmullin.com

ATTORNEYS FOR DEFENDANT AND COUNTERCLAIMANT MATTHEW CLAY

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 23, 2025, a true and correct copy of the above and foregoing document has been served on all counsel of record for Thin Blue Line Benefits Association Holdings, LLC, Anna Reed and Robert Anderson.

*/s/ Dwight M. Francis*
Dwight M. Francis